UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAAC BROWN,

Petitioner,

v. Case No. 2:26-cv-2320-KCD-NPM

FLORIDA ATTORNEY GENERAL and FLORIDA CIVIL COMMITMENT CENTER,

Respondents.
_______________________________/

# ORDER OF DISMISSAL

Before the Court is Petitioner Isaac Brown's "Petition for Writ of Mandamus and Injunctive Relief." (Doc. 1.) In the handwritten pleading, Brown argues that an appeal of the dismissal of his 28 U.S.C. § 2254 habeas petition in *Brown v. Sec'y, Fla. Dep't of Corr.*, No. 3:21-cv-108-HES-PDB (*Brown I*) was reinstated on April 13, 2026, yet the Attorney General has refused to release him or to recognize the merits of the petition. The Court now screens this pleading, construed as a § 2241 petition for habeas corpus relief, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Rule 4 requires a district court to dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" The court has discretion to apply Rule 4 to petitions filed under

Even liberally reading the petition—as the Court must for *pro se* litigants, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976)—nothing here suggests that Brown is entitled to habeas, mandamus, or injunctive relief. First, Brown appears to base his alleged entitlement to relief in *this* petition on his belief that his original § 2254 habeas petition was wrongfully denied as untimely by Judge Schlesinger and that by reinstating the appeal, the Eleventh Circuit agrees that the denial was wrongful. But the Eleventh Circuit's alleged "exoneration"—to the extent it is based on the document attached to the petition—is merely a reinstatement of the appeal and an order for the parties to specify which motions mooted by the appeal were renewed. (*See* Doc. 1 at 10–11.) The order does not address a single substantive issue raised in the original habeas petition, and it does not exonerate Brown in any manner. Moreover, on September 10, 2026, the Eleventh Circuit declined to issue a certificate of appealability or issue a favorable ruling in *Brown I*, noting that "Brown has not shown a substantial denial of a constitutional right, as his motion was wholly conclusory and untimely by multiple years." (*Brown I* at docket entry 76.)

Next, to the extent Brown asks this Court to independently review another district court's denial of his § 2254 petition, such a review would

---

28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

essentially transform this pleading into a second or successive § 2254 petition. But Brown must first "obtain an order from [the Eleventh Circuit] authorizing the district court to consider the petition" a second time before such review is allowed. *See* Rule 9, Rules Governing Section 2254 Cases. Brown has not obtained this authorization.

In light of the foregoing, it is **ORDERED:**

1. Petitioner Isaac Brown's petition for writ of mandamus and injunctive relief is **DENIED**.
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, close this file, and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida on November 4, 2026.

Kyle C. Dudek
United States District Judge